**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AXEL J. RODRIGUEZ,  )
on behalf of himself and a class,  )  FILED: APRIL 29, 2009
  )  09CV2591
Plaintiff,  )  JUDGE LEINENWEBER
  )  MAGISTRATE JUDGE NOLAN
vs.  )  BR
  )
PORTFOLIO RECOVERY ASSOCIATES, LLC  )
and ELIZABETH A. GRANOFF,  )
  )
Defendants.  )

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Axel J. Rodriguez brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Portfolio Recovery Associates, LLC and Elizabeth A. Granoff.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue and personal jurisdiction in this District are proper because:

　　　a.    Defendant's collection communications were received by plaintiff within this District;

　　　b.    Defendant Portfolio Recovery Associates, LLC does or transacts business within this District.

　　　c.    Defendant Granoff resides within the District.

### PARTIES

4.    Plaintiff Axel J. Rodriguez  is an individual who resides in the Northern District of Illinois.

1

5.      Defendant Portfolio Recovery Associates, LLC is a limited liability company with principal offices at  120 Corporate Boulevard, Norfolk, Virginia  23502.

6.      Defendant Portfolio Recovery Associates, LLC does business in Illinois.  Its registered agent and office is National Registered Agents Inc., 200 West Adams St.,Chicago, IL 60606.

7.      Defendant Portfolio Recovery Associates, LLC is the principal subsidiary of a public company, Defendant Portfolio Recovery Associates, Inc.

8.      Defendant's parent describes its business as follows in its annual report on SEC Form 10-K for the year ending December 31, 2007:

> We are a full-service provider of outsourced receivables management and related services. Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants. We also provide a broad range of contingent and fee-based services, including collateral-location services for credit originators via PRA Location Services, LLC ("IGS"), fee-based collections through Anchor Receivables Management ("ARM") and revenue administration, audit and debt discovery/recovery services for government entities through PRA Government Services, LLC ("RDS"). . . . .

9.      Defendant Portfolio Recovery Associates, LLC uses the mails and interstate telephone system to conduct its business.

10.     Defendant Portfolio Recovery Associates, LLC is a debt collector as defined in the FDCPA.

11.     Defendant Portfolio Recovery Associates, LLC has a net worth in excess of $50 million.

12.     Defendant  Elizabeth A. Granoff is an attorney with offices at 661 West Lake Street, Suite 2N, Chicago, IL 60661.

13.     Defendant Elizabeth A. Granoff regularly collects consumer debts originally owed to others, including debts allegedly owed to Portfolio Recovery Associates, LLC.

14.     Defendant Elizabeth A. Granoff uses the mails and interstate telephone system to conduct her business.

2

15.     Defendant Elizabeth A. Granoff is a debt collector as defined in the FDCPA.

**FACTS**

16.     On May 21, 2008, defendant Granoff, on behalf of defendant Portfolio Recovery Associates, LLC, sent plaintiff Axel J. Rodriguez the letter attached as Exhibit A, seeking to collect a purported consumer debt.

17.     Exhibit A was the first letter plaintiff received from Granoff relating to the purported debt.

18.     On information and belief, Exhibit A is a standard form letter which defendant Granoff regularly sends or has sent to consumers who allegedly owe money to defendant Portfolio Recovery Associates. LLC, as an initial demand letter.

19.     Exhibit A demands payment before "close of business" on a date 28 days in the future.

20.     Exhibit A contradicts the debt validation notice in small print on the bottom of the letter.  Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997).

21.     Defendant Granoff sent, or caused to be sent, the letters in the form represented by Exhibit A as attorney and agent of defendant Portfolio Recovery Associates, LLC.

22.     Defendant Portfolio Recovery Associates, LLC  maintains a "corporate legal department" which "distributes guidelines and procedures for collection personnel to follow when communicating with customers, customer's agents, attorneys and other parties during our recovery efforts. This includes overseeing the letter process and approving all written communications to account debtors. . . . ."  SEC Form 10-K for year ending December 31, 2007, supra, original page 15..

23.     On information and belief, defendant Portfolio Recovery Associates, LLC either was aware of the contents of the form of letter represented by Exhibit A or had the right to review Granoff's letters.

3

## COUNT I – FDCPA

24.     Plaintiff incorporates paragraphs 1-23.

25.     Defendants violated 15 U.S.C. §1692g by sending letters in the form

represented by Exhibit A.

26.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to**

4

dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

28.     The class consists of (a) all individuals (b) who were sent an initial demand letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

29.     The class is so numerous that joinder of all members is not practicable.

30.     There are at least 40 individuals who were sent an initial demand letter in the form represented by Exhibit A  on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

31.     Defendant Granoff filed more than 75 lawsuits against consumers on behalf of Portfolio Recovery Associates, LLC during the year preceding the filing of this action.

32.     Each of the consumers was sent a letter in the form represented by Exhibit A, also within a year preceding the filing of this action.

33.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

36.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        (1)     Statutory damages;

        (2)      Attorney's fees, litigation expenses and costs of suit;

        (3)      Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22635\Pleading\Complaint_Pleading.wpd

6

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


          s/Daniel A. Edelman
          Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)